# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| United States of America for the use of J & L Paving LLC, | ) ) ) | |
| Plaintiff, | ) ) | 3:18-cv-156 JWS |
| vs. | ) ) | ORDER AND OPINION |
| Rockford Corporation and Liberty Mutual Insurance Co., | ) ) ) | [Re: Motion at docket 22] |
| Defendants. | ) ) ) | |

## I.  MOTION PRESENTED

At docket 22, Plaintiff moves to strike defendant Rockford's counterclaim.

Rockford responds at docket 23.  Plaintiff replies at docket 25.  Oral argument was not

requested and would not aid the court.

## II.  DISCUSSION

Plaintiff alleges in its Complaint that the U.S. Army Corps of Engineers awarded

the prime contract to construct a replacement fueling station at Tinker Air Force Base to

Rockford.  Rockford purchased a Miller Act payment bond from Liberty Mutual

Insurance Co.  Rockford subcontracted the pavement work on the project to J&L Paving

LLC. ("J&L").  Plaintiff further alleges that J&L completed the pavement work, but when

it submitted its final application to be paid, Rockford did not pay all of what was owed.[1]

Plaintiff seeks to recover the money it alleges should be paid. Count One of the

Complaint alleges a breach of contract by Rockford. Count Two seeks recovery based

on the theory of quantum meruit. Count Three seeks to recover on the payment bond.

Rockford's Answer denies that J&L performed its subcontract obligations and

asserts that "J&L breached the subcontract on numerous occasions . . . . [2] Rockford's

Counterclaim seeks a declaration that J&L materially breached the subcontract so that

Rockford owes nothing to J&L. The Counterclaim mirrors Rockford's defense to

Plaintiff's breach-of-contract claim that it was J&L which breached the subcontract. The

Counterclaim raises no issue not raised in the Answer. It merely recasts the defense

that J&L breached the subcontract in the form of a counterclaim. In sum, the

Counterclaim is redundant and unnecessary.

Plaintiff's briefing demonstrates that allowing the Counterclaim to go forward

would unnecessarily complicate the proceedings in this case. Mindful of the admonition

in Fed. R. Civ. P. 1 to construe and apply the civil rules "to secure the just, speedy, and

inexpensive determination of every action and proceeding," the court concludes that the

Counterclaim should be stricken.

---

[1]Doc. 1.

[2]Doc. 14 at ¶¶ 12 and 17.

### III.  CONCLUSION AND ORDER TO FILE AMENDED ANSWER

For the reasons above, the motion at docket 22 is granted.  IT IS FURTHER ORDERED that defendant Rockford shall file an Amended Answer which does not include a counterclaim within 7 days.

DATED October 16, 2018.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT